**Gordon K. AARON and Fay H. Aaron, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

v.

**EMPRESAS LA MODERNA, S.A. de C.V., a corporation organized under the laws of the United Mexican States; Bionova, S.A. de C.V., a corporation organized under the laws of the United Mexican States; DNAP Holding Corporation, a Delaware corporation; Robert Serenbetz; Gerald Laubach; Evelyn Berezin; Douglas Luke, Jr., James L. Ferguson; and DNA Plant Technology Corporation, a Delaware corporation, Defendants–Appellees,**

v.

**Jeffrey Robert Steliga, Plaintiff–Intervenor–Appellant.**

No. 01–15358.

D.C. No. CV–97–00233–WHA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided April 11, 2002.

Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM*

We review de novo the district court's summary judgment and affirm. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000). It is undisputed that Appellants had notice that they would not be permitted to vote on the merger underlying their claims and took no action to assert their alleged voting rights until four months after the vote was held approving the merger. In their amended complaint, Appellants sought both money damages and equitable relief, including specific performance "and/or" rescission of the merger. Given Appellant's inaction and the relief sought in their amended complaint, the district court did not err in concluding that Appellants acquiesced in the denial of their alleged right to vote on the proposed merger. *Bay Newfoundland v. Wilson & Co.,* 37 A.2d 59, 62–64 (Del.1944). Accordingly, we hold that under Delaware law, Appellants claims are barred by the doctrine of acquiescence and affirm the district court's summary judgment.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.